Chen v. Lynch

BIA
Lamb, IJ
A087 640 017

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of August, two thousand sixteen.

PRESENT:
>        REENA RAGGI,
>        DEBRA ANN LIVINGSTON,
>        RAYMOND J. LOHIER, JR.,
>             *Circuit Judges.*

_____

**JINJIAN CHEN,**
>        *Petitioner,*

>        v.                                           15-1092
>                                                      NAC

**LORETTA E. LYNCH, UNITED STATES**
**ATTORNEY GENERAL,**
>        *Respondent.*

_____

FOR PETITIONER:            Gary J. Yerman, New York, NY.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Blair T.
                           O'Connor, Assistant Director; Juria
                           L. Jones, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Jinjian Chen, a native and citizen of the People's Republic of China, seeks review of a March 13, 2015, decision of the BIA affirming a November 27, 2012, decision of an Immigration Judge ("IJ") pretermitting Chen's application for asylum and granting withholding of removal. *In re Jinjian Chen,* No. A087 640 017 (B.I.A. Mar. 13, 2015), *aff'g* No. A087 640 017 (Immig. Ct. N.Y. City Nov. 27, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

An applicant for asylum must demonstrate by "clear and convincing evidence" that he filed his application within one year after the date of his "arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). There is an exception to the one-year bar for an applicant who "demonstrates . . . the existence of changed circumstances which materially affect [his]

2

eligibility for asylum." *Id.* § 1158(a)(2)(D). Our jurisdiction to review challenges to determinations regarding the one-year bar and its exceptions is limited to constitutional claims and questions of law. 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).

In arguing that his baptism was the changed circumstance providing an exception to the one-year deadline, Chen challenges the agency's factual determination that the Chinese government targets persons based on affiliation with a church, not based on baptism, and that Chen's circumstances changed when he began attending church regularly in November 2007, almost two years before he applied for asylum in August 2009. Chen's argument, therefore, does not raise a question of law. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's factual findings regarding country conditions under the substantial evidence standard); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330-32 (2d Cir. 2006) (dismissing a petition for lack of jurisdiction where the petitioner challenged the IJ's factual findings regarding changed circumstances). Accordingly, we lack jurisdiction.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk